IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OCWEN LOAN SERVICING LLP, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil No. 3:14-CV-03039-N-BK |
| § | |
| EMMANUEL SMALLEY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Judge's *Order of Reference*, Doc. 7, this case has been transferred to the undersigned for pretrial management. The Court now considers Plaintiff's *Motion for Summary Judgment*, Doc. 15, Plaintiff's *Motion to Dismiss Counterclaim for Failure to State a Claim*, Doc. 18, and Defendant's *Motion for Mediation*, Doc. 20. For the reasons set forth herein, it is recommended that Plaintiff's motions be **GRANTED** and Defendant's motion be **DENIED AS MOOT**.

**I. BACKGROUND**

In August 2014, Plaintiff sued Defendant in diversity, alleging that Defendant had received real property located at 1014 Town Creek Drive, Dallas, Texas (the "Property") by warranty deed while the loan on the Property was in default.[1] Doc. 1 at 3. Plaintiff alleged that Defendant had not cured the default and was subject to the deed of trust, which permitted foreclosure due to the default. Doc. 1 at 3-4. Plaintiff seeks a declaratory judgment that the deed of trust is valid and enforceable against both Defendant and the Property, as well as an order of judicial foreclosure. Doc. 1 at 3-4.

---

[1] Plaintiff sued as attorney-in-fact for U.S. Bank National Association ("U.S. Bank") and also acts as its loan servicer. Doc. 1 at 1, 3.

Defendant, proceeding *pro se*, answered the complaint, asserting that he had not signed "a mortgage" and had only caused the deed transferred to his name from his mother's name at Plaintiff's request. Doc. 20 at 2. He also asserted that Plaintiff should not be permitted to foreclose on the Property because he had requested that the lender allow him to participate in a borrower assistance program. Doc. 20 at 2. Defendant additionally filed a counterclaim against Plaintiff for depression, pain and suffering, "dishonest and unfair business practices," and "misleading and deceptive information given." Doc. 20 at 4. Plaintiff now moves for summary judgment and to dismiss Defendant's counterclaim pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Doc. 15; Doc. 18.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quotation omitted). The court must construe pleadings liberally, and judgment thereon is only appropriate if there are no disputed issues of fact and only questions of law remain. *Id.* In analyzing a complaint, the Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Id.* at 312-13. The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

### III. ARGUMENTS AND ANALYSIS

   *A. Summary Judgment Motion*

Plaintiff argues that it is entitled to judicial foreclosure as the mortgage servicer for U.S. Bank because the loan is in default and the Property is subject to a lien under the deed of trust. Doc. 16 at 6. Plaintiff requests the Court to enter a declaratory judgment (1) stating that the deed of trust is valid; (2) acknowledging that there is money left on the debt to U.S. Bank; (3) stating the existence of default and that conditions precedent have been met; and (4) stating that the debt has been accelerated and the amount of the accelerated debt. Doc. 16 at 6. Additionally, Plaintiff requests that the Court order a judicial foreclosure of the Property, direct any sheriff or constable to seize and sell the land and place the purchaser of the Property in possession thereof,

have the proceeds applied to satisfy the debt, and award Plaintiff any post-judgment interest that has accrued. Doc. 16 at 6.

In support of its summary judgment motion, Plaintiff has submitted evidence demonstrating the following: In January 2006, Emmanuel and Cheryl Sneed borrowed money secured by the Property. Doc. 17 at 8-10. In the course of that transaction, Emmanuel Sneed signed a promissory note and deed of trust. Doc. 17 at 8-18. The note was originally payable to CIT Group/Consumer Finance, Inc. but was transferred to U.S. Bank. Doc. 17 at 5, 24-25, 44. In September 2011, the original loan servicer transferred the servicing rights to Plaintiff. Doc. 17 at 27-29. Emmanuel Sneed died in July 2011, and the loan went into default in December 2012 and remains in default. Doc. 17 at 6, 32. In April 2013, Plaintiff sent a notice of default to the Sneeds and, when they failed to cure the default, Plaintiff served the Sneeds with a notice of acceleration the following month. Doc. 17 at 37-40. In August 2013, Cheryl Sneed and the heirs of Emmanuel Sneed conveyed the Property to Defendant via warranty deed and without curing the default. Doc. 17 at 7. Defendant has not cured the default on the note and deed of trust. Doc. 17 at 7.

Defendant did not file a response to Plaintiff's summary judgment motion despite the Court's directive to do so if he opposed the relief sought. Doc. 19. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id.* Accordingly, the undersigned accepts Plaintiff's facts and evidence as undisputed. A summary judgment non-movant who does not respond to the motion is relegated to its unsworn pleadings, which do not constitute summary

4

judgment evidence. *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991). Defendant's *Answer*, however, contains a statement swearing that the information contained therein is true. Doc. 20 at 3. Thus, the Court will consider his assertions and attached documentation as summary judgment evidence.

The federal Declaratory Judgment Act, 28 U.S.C. § 2201, provides that any federal court may declare the rights and other legal relations of any interested party. The availability of a declaratory judgment depends upon the existence of a judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). A lender is entitled to a judicial foreclosure if it shows that (1) the note is a purchase money or home equity note; (2) some part of the money is due and unpaid; and (3) the property subject to the lien is the same property on which the lender seeks to enforce the lien. *Thomas v. Ocwen Loan Servicing, LLC*, 3:12-CV-447-L, 2013 WL 30653, at *5 (N.D. Tex. 2013) (Lindsay, J.); *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.–El Paso 2011). A mortgage servicer, such as Plaintiff, may administer a foreclosure on behalf of a mortgagee if (1) "the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage," and (2) proper notice is given that that the mortgage servicer represents the mortgagee under a servicing agreement. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (citing TEX. PROP. CODE § 51.0025). A mortgagee includes a "grantee, beneficiary, owner, or holder of a security instrument" as well as "a book entry system." *Id.* (citing TEX. PROP. CODE § 51.0001(4)).

As per the summary judgment evidence, U.S. Bank is the mortgagee of the loan because it is the owner of the loan and also the last entity to whom the deed of trust was assigned of record. Doc. 17 at 44; *see* TEX. PROP. CODE § 51.0001(4); *Reinagel v. Deutsche Bank Nat. Trust*

5

*Co.*, 735 F.3d 220, 223 (5th Cir. 2013). The record also reflects that Plaintiff is the mortgage servicer for U.S. Bank and has authority to service the mortgage, and proper notice of such was given to the Sneeds. Doc. 17 at 27-29, 41. Under Texas Property Code section 51.002, Plaintiff was required to serve a notice of default under the deed of trust and allow at least 20 days for a cure of the default. Plaintiff, through counsel, satisfied these requirements with its notice of default. Doc. 17 at 36-39. The default was not cured, and Plaintiff then sent a notice of acceleration to the Sneeds via certified first class mail in accordance with the requirements of the deed of trust.[2] Doc. 17 at 40-43. To date, the loan remains in default. In summary, it is undisputed that (1) Plaintiff, as mortgage servicer for U.S. Bank, is authorized to foreclose pursuant to the terms of the home equity note, (2) which is past due and owing, and (3) the Property is subject to foreclosure under the deed of trust securing the Property. *Thomas*, 2013 WL 30653, at *5. Accordingly, Plaintiff is entitled to summary judgment and an order of judicial foreclosure.

Entry of a declaratory judgment in Plaintiff's favor is not warranted, however. The core issue of this dispute − whether foreclosure due to Defendant's default under a valid deed of trust is appropriate − is being resolved herein, so Plaintiff's separate claim for declaratory relief should be dismissed as redundant. *See Cypress/Spanish Ft.1, L.P. v. Prof. Svc. Ind., Inc.*, 814 F.Supp.2d 698, 710 (N.D. Tex. 2011) (holding that if a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted); *Landscape Design and Construction,*

---

[2] Although the default and acceleration notices were sent to the Sneeds before Defendant obtained the warranty deed to the Property, Defendant does not suggest that he was unaware of the lien on the Property. Indeed, he admits that he received the notice of default. Doc. 20 at 1; *see Slaughter v. Morris*, 291 S.W. 961, 963 (Tex. Civ. App. 1926) (noting that the purchaser of a property with a pre-existing lien generally takes the property subject to that lien).

*Inc. v. Transport Leasing/Contract, Inc.*, No. 00-CV-0906-D, 2002 WL 257573, at *10 (N.D. Tex. 2002) (Fitzwater, J.) (dismissing declaratory judgment action that sought resolution of claims that were already the basis of the lawsuit). Accordingly, it is recommended that Plaintiff's request for declaratory judgment be dismissed.

    *B. Motion to Dismiss Defendant's Counterclaim*

Plaintiff next moves to dismiss Defendant's counterclaim pursuant to Rule 12(c). Doc. 18 at 2. Plaintiff asserts that Defendant's counterclaim is nothing more than an unsupported allegation that he has been unharmed in some unspecified way, and he has not identified any misconduct by Plaintiff. Doc. 18 at 3.

To the extent Defendant is complaining that Plaintiff caused him to feel stress and depression, that allegation does not give rise to a cause of action in Texas for negligent infliction of emotional distress because no such cause of action exists. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 224 (5th Cir. 2013) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)). As far as his claims of "dishonest and unfair business practices," and "misleading and deceptive information given," Defendant claims that Plaintiff coerced him into signing an affidavit of heirship to have the Property deeded to him and then sued him. Doc. 20 at 2, 4. To the extent Defendant seeks to bring a claim under the Texas Deceptive Trade Practices Act ("DTPA"), he is not a "consumer" within the meaning of the DTPA, and therefore lacks standing to sue as a matter of law. *Olufemi-Jones v. Bank of America, N.A.*, No. 12-CV-3428-L, 2013 WL 1582544, at *2 (N.D. Tex. 2013) (Lindsay, J.) (finding loan servicing to be an ancillary service not contemplated by the DTPA) (citing *Maginn v. Norwest Mortg. Inc.*, 919 S.W.2d 164, 167 (Tex.App.–Austin 1996)).

Finally, to the extent Defendant is attempting to raise a fraud or negligent misrepresentation claim, the potential loss of his home through foreclosure is insufficient to support those claims because they are not independent from the subject matter of the loan, the deed of trust, and the note.  *See D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663-64 (Tex. 1998) (per curiam) (to recover for a claim of negligent misrepresentation, plaintiff must show an injury independent from the subject matter of the contract).  Defendant fails to sufficiently allege that he suffered any pecuniary loss independent from the loan by his reliance on any alleged misrepresentation or fraudulent act.  Accordingly, those claims are barred by the economic loss doctrine, and Plaintiff is entitled to dismissal of such claims with prejudice.  *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

## IV.     CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's *Motion for Summary Judgment*, Doc. 15, and *Motion to Dismiss Counterclaim for Failure to State a Claim*, Doc. 18, be **GRANTED** and Defendant's *Motion for Mediation*, Doc. 20 be **DENIED AS MOOT**.  Further, as acceptance of this recommendation would dispose of all pending claims, upon entry of the Court's judgement, this case should be **CLOSED**.

**SO RECOMMENDED** on November 6, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

8

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE