IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OCWEN LOAN SERVICING LLP, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. 3:14-CV-3039-N-BK |
| § | |
| EMMANUEL SMALLEY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been transferred to the undersigned for case management.  The cause is now before the Court on Defendants' *Motion to Halt the Sale of Property*, Doc. 27, and Plaintiff's *Motion to Correct Judgment*, Doc. 28.  For the reasons set forth herein, it is recommended that Defendant's motion be **DENIED**, and Plaintiff's motion be **GRANTED**.

**I.  BACKGROUND**

In August 2014, Plaintiff sued Defendant in diversity, alleging that Defendant had received real property located at 1014 Town Creek Drive, Dallas, Texas (the "Property") by warranty deed while the loan on the Property was in default.[1]  Doc. 1 at 3.  Plaintiff alleged that Defendant had not cured the default and was subject to the deed of trust, which permitted foreclosure due to the default.  Doc. 1 at 3-4.  Plaintiff sought a declaratory judgment that the deed of trust is valid and enforceable against both Defendant and the Property as well as an order of judicial foreclosure.  Doc. 1 at 3-4.

Defendant, proceeding *pro se*, answered the complaint, asserting that he had not signed "a mortgage" and had only had the deed transferred to his name from his mother's name at

---

[1] Plaintiff sued as attorney-in-fact for U.S. Bank National Association ("U.S. Bank") and also acts as its loan servicer.  Doc. 1 at 1, 3.

Plaintiff's request.  Doc. 20 at 2.  He also asserted that Plaintiff should be enjoined from foreclosing on the Property because he had requested that the lender allow him to participate in a borrower assistance program.  Doc. 20 at 2.

In November 2015, this Court found that Plaintiff was authorized to foreclose pursuant to the terms of the home equity note, and the Property was subject to foreclosure under the deed of trust.  As such, the Court found that Plaintiff was entitled to summary judgment and an order of judicial foreclosure.  Doc. 21 at 5-6.  The District Court thus entered judgment in Plaintiff's favor.  Doc. 26.  The parties now have filed the cross-motions noted above.

## II.  APPLICABLE LAW

Rule 60(a) of the Federal Rules of Civil Procedure provides that the court may correct an oversight or clerical error if one is found in the record.  The four elements Defendant would have to show to secure an injunction halting the sale of the Property are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the court does not grant the requested relief; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) the grant of injunctive relief will not disserve the public interest.  *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

## III.  ARGUMENTS AND ANALYSIS

Defendant has filed a motion requesting that the Court stop the sale of his property so that he can have a chance to modify the loan.  Doc. 27.  However, Defendant has not attempted to establish any of the elements necessary for a grant of injunctive relief.  *Janvey*, 647 F.3d at 595.  Accordingly, his motion should be denied.

Plaintiff requests that the judgment in this action be amended to reflect the amount of the accelerated debt Defendant owes, which it urges is required for a judicial foreclosure to be

effective. Doc. 28 at 2. Plaintiff represents that as of February 17, 2016, the amount of the debt is $109,954.27, with interest accruing at an annual rate of 6.6% ($14.39 per day) until paid. Doc. 28 at 3. Defendant has not responded to Plaintiff's motion or otherwise disputed that amount. In *Jones v. N. Am. Acceptance Corp.*, 442 S.W.2d 492, 494 (Tex.Civ.App.—El Paso 1969), the court held that a judgment for judicial foreclosure was defective because it did not specify the amount of the debt. Considering the applicable law and Plaintiff's argument, the motion should be granted and an amended judgment issued.

**IV.   CONCLUSION**

For the foregoing reasons, the undersigned recommends that Defendant's *Motion to Halt the Sale of Property*, Doc. 27, be **DENIED** and Plaintiff's *Motion to Correct Judgment*, Doc. 28, be **GRANTED**.

**SO RECOMMENDED** on April 7, 2016.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE